## RAMUS et al. v. HUMPHREYS.

### Sac. No. 779; July 24, 1901.

#### 65 Pac. 875.

Mining Claim—Quieting Title—Defenses.—Where the Plaintiffs in a suit to quiet title to mining claim had been in actual possession for a number of years, a defense that a claim prior to plaintiffs' had never been abandoned cannot be urged, the defendant not claiming title under such prior claimant; Civil Code, section 1006, providing that occupancy for any period confers title except as to those claiming by prescription, transfer, will or succession.

APPEAL from Superior Court, Siskiyou County; J. S. Beard, Judge.

Suit by Lawrence Ramus and others against Charles E. Humphreys to quiet title. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Warren & Taylor for appellant; J. F. Farraher, J. F. Lodge and J. D. Fairchild for respondents.

SMITH, C.—The plaintiffs sued to quiet title to the mining claim described in the complaint. From the special verdict, adopted by the court, it appears that the land in controversy, at the date of the act of Congress granting to the state the sixteenth and thirty-sixth sections, and at the date of the approval of the United States survey, was mineral land,

and known to be such; that the plaintiffs or predecessors made a valid location of it May 7, 1893, and have ever since been, and now are, in possession of the land; and that the defendant afterward—April 19, 1894—made an attempted location of a portion of the land, but the same was invalid. It is further found that one Hicks made a valid location of part of the claim January 3, 1893—which was prior to plaintiffs' location—but that before the latter event he abandoned the claim. The defendant, it appears, afterward obtained a patent from the state purporting to grant certain government subdivisions, which included the land, but it is, in effect, admitted that the patent conveyed no title: Hermocilla v. Hubbell, 89 Cal. 5, 26 Pac. 611. The sole point made in the case is that the finding as to the abandonment of the mining claim by Hicks is not justified by the evidence. This, however, is a point that cannot be successfully urged by the defendant, who does not claim under Hicks. The plaintiffs were in the actual possession of the land when the suit was commenced, and had been for many years; and this, as against the defendant, who had no title, was sufficient to maintain the action: Civ. Code, sec. 1006. I advise that the judgment and order denying the defendant's motion for new trial be affirmed.

We concur: Cooper, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying the defendant's motion for new trial are affirmed.